IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DENNIS SCOTT McCULLOUGH,

    Plaintiff,

v.                                                                      Civil Action No. 3:11CV176

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION**

Dennis Scott McCullough, a federal inmate proceeding <u>pro se</u> and <u>in forma pauperis</u> after paying the full filing fee, filed this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PRELIMINARY REVIEW**

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); <u>see</u> 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" <u>Clay v. Yates</u>, 809 F. Supp. 417, 427 (E.D. Va. 1992) (<u>quoting</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation

of the elements of a cause of action." Id. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF CLAIM

McCullough initiated this action by filing a document entitled "RULE 8 Civil Procedure/ Setoff Discharge of Debts." (Docket No. 2.) In this document, McCullough asserts that he is entitled to release from prison. His argument stems from the notion that his body is being held as collateral in a debt action with the Government in which the debt has been settled. McCullough argues that the Government's use of his name, case number, fingerprints, or DNA—which is held as collateral in the amount of $100,000,000,000—"will be met with a tort claim and a legal binding lien against all parties involved." (Docket No. 2, at 2.)

## III. ANALYSIS

McCullough appears to subscribe to "redemptionist theory." See Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008). The United States Court of Appeals for the Third Circuit explained:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents

> of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

Id. "Arguments based on this and other similar theories have been rejected by courts as being frivolous and a waste of judicial resources." In re Barnes, Nos. 10-46482-399, 10-04302-399, 2010 WL 3895463, at *5 (Bankr. E.D. Mo. Sept. 29, 2010) (citing cases); see also Ray v. Williams, No. CV-04-863-HU, 2005 WL 697041, at *6 (D. Or. Mar. 24, 2005). Because McCullough's claims are likewise frivolous, the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to McCullough.

And it is so ORDERED.

　　　　　　　　　　　　　　　　　　　/s/   REP
　　　　　　　　　　　　　　　　　　Robert E. Payne
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Date: August 9, 2011
Richmond, Virginia

5